UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JOHNNIE SUGGS, §
 §
    Plaintiff, §
VS. § CIVIL ACTION NO. 4:18-CV-02546
 §
ALLSTATE TEXAS LLOYD'S, *et al*, §
 §
    Defendants. §

## ORDER

Before the Court are Plaintiff's Motion to Remand (Doc. #5) and Defendants' Response (Doc. #9). After considering the parties' arguments and applicable legal authority, the Court grants Plaintiff's Motion to Remand.

In order for the Court to have jurisdiction there must be complete diversity. *See* 28 U.S.C. § 1332(a). Plaintiff argues that remand is proper because complete diversity does not exist between the parties. Plaintiff is a Texas resident and one of the Defendants, the insurance adjuster ("Murphy"), is also a Texas resident. Defendants oppose remand, arguing Murphy was improperly joined and that the amount in controversy exceeds $75,000.[1]

To establish that a nondiverse defendant has been improperly joined, the removing party must prove either that there has been actual fraud in the pleading of jurisdictional facts or that there is no reasonable possibility that the plaintiff will be able to establish a cause of action against that party in state court. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). In determining whether there is a reasonable basis to predict a plaintiff might recover against a defendant under state law, a court conducts "a Rule 12(b)(6)–type analysis,

---

[1] Because the Court finds incomplete diversity, the Court need not address the issue of whether the amount in controversy exceeds $75,000.

looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* "If the plaintiff can survive a Rule 12(b)(6) challenge, there [generally] is no improper joinder." *Id.*

Defendants argue that Plaintiff failed to allege a plausible claim against Murphy. However, Plaintiff has alleged a series of claims specifically against Murphy under various provisions of the Texas Insurance Code for his actions as the insurance adjuster handling Plaintiff's insurance claim. *See* Doc. #1, Ex. A at 12–14, ¶¶ 28–35. Plaintiff's claims against Murphy are proper as insurance adjusters are "persons engaged in the business of insurance" under the Texas Insurance Code and are individually liable for violations thereof. *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482 (Tex. 1998). Plaintiff alleged that his property was damaged, that Murphy was the insurance adjuster tasked with handling his insurance claim, and that Murphy failed to fulfill the task in a manner required by the Texas Insurance Code—listing several provisions of the Texas Insurance Code that Murphy allegedly violated. Doc. #1, Ex. A. Courts in this district have found similar combinations of factual and legal allegations against an insurance adjuster defendant sufficient to provide a reasonable basis for recovery under the Texas Insurance Code. *See City Place TOA, Inc. v. Lexington Ins. Co.*, 2011 WL 13248379, *2 (S.D. Tex. Mar. 8, 2011) (citing several cases with similar allegations against an in-state insurance adjuster where joinder was found to be proper and remand was granted). Accordingly, the Court finds that Plaintiff pleaded a plausible claim under the Texas Insurance Code against Murphy, and therefore Murphy is not improperly joined.

For the aforementioned reasons, the Court finds that Murphy, the Texas Defendant is properly joined. Because complete diversity is lacking between Plaintiff and Murphy, the Court

does not have jurisdiction. Accordingly, Plaintiff's Motion to Remand is GRANTED. This case is hereby REMANDED to the 434th Judicial District Court of Fort Bend County.

It is so ORDERED.

OCT 3 1 2018
Date

The Honorable Alfred H. Bennett
United States District Judge